IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SUZANNE GROVES, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| TARRANT COUNTY COLLEGE § | |
| DISTRICT, § | |
| § | |
| *Defendant*. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Suzanne Groves files this Original Complaint complaining of Defendant Tarrant County College District ("TCCD") and in support thereof would show the court as follows:

### I.   JURISDICTION AND VENUE

1.1   This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 1343, and 1367. This case is brought under the First and Fourteenth amendments to the Constitution of the United States and pursuant to 42 U.S.C. § 1983 and 1988. Additionally, Plaintiff seeks relief under 28 U.S.C § 2201 (a) and Chapter 37 TEX. CIV. PRAC. & REM. CODE, declaring Defendant's policy and/or practice of forbidding Plaintiff's counsel to speak during appeal "hearings" to be a violation of Plaintiff's due process rights, and declaring the Plaintiff's rights and Defendant's duties under certain policies of Defendant (1) as having become a part of Plaintiff's contract and (2) having been violated by Defendant herein. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), as all or a substantial part of the events giving rise to Plaintiff's claims arose in this district.

1.2   Pursuant to 42 U.S.C § 1983 Plaintiff alleges herein ongoing violations of federal law and seeks relief of injunctive nature, as well as monetary damages.

1.3     All of the conduct alleged herein by Defendant was done by policymakers of the defendant district and under the policies of the defendant district. Such action was done under the color of law.

## II.     PARTIES

2.1     Plaintiff is a Texas citizen and at all relevant times resided in Tarrant County, Texas.

2.2     Defendant Tarrant County College District ("TCCD") is a community college district organized and existing pursuant to the laws of the state of Texas for the purpose of operating a system of community colleges in and around Tarrant County, Texas. TCCD is a state actor within the meaning of the United States Constitution and the actions complained of herein comprise state action and were taken under the color of law. The address of TCCD's administrative office is 300 Trinity Campus Circle, TRWF A18, Fort Worth, Tarrant County, Texas 76102. TCCD may be served with process by serving its acting chancellor, Elva LeBlanc Ph.D., at the foregoing address.

## III.     FACTUAL BACKGROUND

3.1     Plaintiff Suzanne Groves has been an employee of the Defendant district, first as director of PR/Marketing, then as the executive director of communications, public relations, and marketing, since May of 2013. She and her team comprise almost 40 persons. Plaintiff has an exemplary performance record. On April 15, 2022, the Defendant district notified Plaintiff that it was recommending termination of her employment and placing her on administrative leave. Plaintiff is appealing that decision; however, placing Plaintiff on administrative leave for the reasons stated by Defendant is a violation of her first amendment right of free speech and her

contractual right of free speech and is retaliation by the district for Plaintiff's lawful conduct, which retaliation is prohibited by Defendant's own policies.

3.2     The "hearing" now offered by Defendant fails to afford procedural due process under the circumstances now existing in the district. Specifically, Defendant's policy and/or practice prohibits meaningful participation by Plaintiff's attorney at a time when:

1.) the district is in utter chaos administratively, functionally, and politically because the former chancellor has been fired and Plaintiff is accused of impermissibly participating in the process which led to his firing, even though her conduct was specifically protected by the Defendant's own policies and by the first amendment;

2.) the Defendant district's in-house counsel is a participating and percipient witness deeply involved in the events which led to the former chancellor's termination and now is deeply involved in recommending the termination of the Plaintiff;

3.) present board members are participants and percipient witnesses in the events which led to the firing of the former chancellor and the majority of the board members have had actual knowledge of the wrongful conduct of the former chancellor even prior to the public disclosure thereof but, nevertheless, took no action to rectify the situation and are, therefore, disqualified as a matter of law from serving in any "due process" proceeding now being offered; and;

4.) the proposed termination of Plaintiff is based upon the third party report of a so-called "independent investigation" by an attorney paid by the district to investigate other matters and who allegedly "inadvertently discovered" Plaintiff's conduct described herein, thereby giving the voice of an attorney to the board without any sufficient ability of Plaintiff's attorney to refute that attorney's comments. The extent of process which is "due" depends upon the material, attendant circumstances present at this time, and Plaintiff seeks declaratory judgment that the process offered by Defendant is constitutionally insufficient in that it prohibits meaningful participation by Plaintiff's counsel.

3.3     In January, 2022, Dr. Kristen Bennett, an executive employee at TCCD, was terminated (and/or nonrenewed as Defendant claims) by former chancellor Dr. Eugene Giovannini. Dr. Bennett immediately brought suit and set out many details of an inappropriate relationship

between Chancellor Giovannini and a woman who worked under the supervision of Dr. Bennett. As a result, mainly of those allegations and disclosures, the board of trustees of Tarrant County college has now terminated Dr. Giovannini. Dr. Bennett's lawsuit remains pending, and discovery has not yet begun.

  3.4 Prior to Dr. Bennett's final termination, in or about October, 2021, Plaintiff herein was given a document which indicated that a woman with whom Dr. Giovannini was involved had a criminal record. That document was given to her on an unsolicited basis by Louise Appleman, a highly respected Fort Worth person who has long been a member of the board of trustees of the Defendant and, in fact, was the past president of the board of trustees of the Defendant District.

  3.5 Plaintiff gave that document to Dr. Bennett because Dr. Bennett was the supervisor of the woman in question and because the woman in question was already known to have a volatile temperament. No policy or directive of the District warned Plaintiff that such action (in giving it to Dr. Bennett, the supervisor) was prohibited, nor did Ms. Appleman so indicate to Plaintiff.

  3.6 At the time that Ms. Appleman gave this document to Plaintiff, the majority of the board of trustees of Defendant District already knew that there was an inappropriate relationship between Chancellor Giovannini and the woman in question; however, on information and belief, Plaintiff says that said board had taken no action to stop that conduct by the Chancellor. Further, on information and belief, Plaintiff says that Ms. Appleman, as board president, knew of that relationship and had known for some time.

  3.7 Despite the knowledge that the board had of the inappropriate relationship between the former chancellor and the woman in question, and despite learning in great detail of that relationship through the pleadings filed by Dr. Bennett in her lawsuit, the Defendant's board of trustees took no action to rectify the termination or non-renewal of Dr. Bennett and has taken no

action to rectify or ameliorate the damage done to Dr. Bennett to date. The board merely fired the former chancellor.

3.8     The board purported to have an independent investigation done by attorney Kip Mendrygal. Plaintiff says, on information and belief, that investigation was begun at the instance of the Defendant's board of trustees in an effort to defend the district from the allegations in Dr. Bennett's lawsuit. Indeed, the district, through its attorneys, has informed Plaintiff's counsel herein that the district now has not decided if it even wants a written report of that investigation.

3.9     It was in the process of that investigation that the investigator "inadvertently" discovered" the conduct for which Plaintiff is now being terminated, conduct which is protected both by the First Amendment and specifically by the district's own written policies. Those policies became a part of the Plaintiff's employment contract inasmuch as both the district and the Plaintiff agreed, in writing, to abide by those policies. Instead, the district is now retaliating against the Plaintiff herein for having (as the district sees it) assisted Dr. Bennett in Dr. Bennett's efforts to regain her job and to seek compensation for Defendant's wrongful conduct.

3.10    To give the Court additional understanding of the chaotic and vengeful conduct of the Defendant board over the last few months, the district also employed another attorney (in Hurst) to "investigate" the grievance filed by the woman in question against a former male administrator for sexual harassment. Amazingly, however, that investigator (a different attorney) filed a written report which concluded that he had decided (at the district's behest) not to interview either the woman in question or the male administrator on the grounds that (1) she had withdrawn her grievance and (2) he was no longer an employee of the district. Not satisfied, however, the district's investigator took time to say that he had "inadvertently" discovered that Dr. Bennett was guilty of being slow in reporting the woman in question's complaint of sexual harassment.

3.11    As the Court can see, the two investigations initiated by the board of trustees of the Defendant district had a curious turn of developing evidence of wrongdoing by persons who were not even objects of the investigations.

3.12    Plaintiff respectfully submits that a hearing before the board of trustees under these circumstances is constitutionally insufficient in that (1) the board does not possess even the appearance of neutrality and (2) the district's own practice or policy forbids the Plaintiff's attorney from even speaking during that hearing. Simply put, the administration of the District by the board of the Defendant District is virtually out of control and is no fit forum to provide fair play to any employee (such as the Plaintiff) caught up in this madness.

### IV.    CAUSES OF ACTION

The following causes of action are pled alternately insofar as same may be necessary

#### A.    Breach of Contract

4.1    Plaintiff alleges a state court pendant cause of action for breach of contract. Specifically, Plaintiff and TCCD entered into a twelve-month written contract of employment, which runs through August 31, 2022.

4.2    At all relevant times, Plaintiff was an employee of TCCD under this contract of employment and earlier contracts, and each of these contracts included the policies of TCCD. The policies of TCCD were a part of the contracts. Plaintiff performed fully under both contracts.

4.3    TCCD breached these contracts by violating its own policies, as enumerated above and below. To begin with, while the written employment contract was still in effect, TCCD was barred by its own policies from taking action against Plaintiff in retaliation for her exercise of protected speech or academic freedom and responsibilities (e.g., DM(LOCAL) and DIAA(LOCAL)). However, as set forth above, in retaliation for Plaintiff's fully justified actions

to bring information to the attention of the employee's supervisor, she has been placed on administrative leave and told she may be terminated. This was a breach of TCCD's policies, and therefore a breach of her employment contract. Other breaches and details of the district's breach of its own policies, including its policy regarding due process, are set forth below.

4.4     As a direct and proximate result of Defendant's breaches of contract, Plaintiff has been damaged as set out below.

### B.     Retaliation

4.5     Defendant has retaliated against Plaintiff for speaking to Dr. Bennett and providing her with important information regarding the female employee in question, as was her duty and responsibility (Policies DGBA (LOCAL) and DH (LOCAL)).

4.6     Defendant retaliated against Plaintiff for meeting her responsibility in bringing important information to the attention of Dr. Bennett, the supervisor of the female employee in question, by placing her on leave and barring her from campus.

4.7     Defendant violated its own policy which requires "due process for all" by taking this adverse employment action against her for conduct which it nowhere prohibited or described as impermissible conduct.

4.8     Defendant violated its own policy of promoting free speech, both constitutional and contractual, on behalf of its employees.

4.9     As a direct and proximate result of Defendant's breach of contract, Plaintiff has been damaged as set out below.

### C. Violation of First Amendment (Free Speech)

4.10 Plaintiff exercised her protected free speech right by meeting and speaking with Dr. Bennett about an important matter, perhaps an urgent matter, given the temperament of the female employee in question. That action and that speech by Plaintiff, according to Defendant, was not done in the course of performing her duties as an employee but was, rather, impermissible and outside the scope of her usual duties. The contents of her message were of public importance in that they concerned conduct by an employee which was violative of district policy and allegedly criminal in nature. Defendant's own policies provide that each employee has a right of free speech which will be protected and, in fact, imposes upon each employee who perceives wrongful conduct a duty to bring the matter to the attention of an appropriate person. If Plaintiff's conduct was outside the course and scope of her employment, it is protected by the First Amendment in all events. If it was within the course and scope of her employment, then Defendants have breached their policies in that regard. Plaintiff has been damaged as set out below as a direct and proximate result of this wrongful conduct by Defendant.

### D. Due Process Violation

4.11 Defendant is not offering a due process hearing which meets the minimum standards of the Constitution. The proffered hearing before the board does not provide a tribunal which has even the appearance of neutrality. Further, the district's policies and practices as described in exhibits one and two hereto, prohibit the Plaintiff from having an attorney who can speak on her behalf at such "hearing". Under the circumstances described hereinabove, these are fatal shortcomings in process being offered by Defendant. Indeed, the Defendant's policy DH (LOCAL) provides as follows:

> In order to express the affirmation of the College District's professional responsibilities more adequately, the employees of the College District, with the full support of the Board, do adopt and hold ourselves and each other subject to the following *Code of Professional Ethics*:
>
> . . . .
>
> Support the right of Due process for all.

4.12   The denials of due process described above are manifestations of the policy of the district, confirmed by the district's attorney, and are made by the policymaker (the board of trustees) of the district. They are being applied under the color of law.

## V.   DAMAGES

5.1   Because of her position at TCCD, her experience and responsibilities, Plaintiff's annual salary at all relevant times was significant and will be difficult to replace. If terminated as a result of the process proffered by Defendant, a wrongful termination will have occurred, and her damages will be in at least the sum of her lost salary. Additionally, she will have been terminated a few months short of a ten-year period which would provide large additional benefits such as health insurance and other benefits to her. She will suffer a diminished earning capacity in the future, despite her efforts to mitigate her damages.

5.2   Plaintiff is entitled to recover a reasonable sum for physical pain and mental anguish, for which she here sues.

5.3   Alternatively, for deprivation of procedural due process, Plaintiff is entitled, as a matter of law, to recover at least nominal damages and her attorney's fees.

## VI.   INJUNCTIVE RELIEF

6.1   To the extent necessary and in support of the injunctive relief sought herein, the above allegations are incorporated by this reference

6.2     Plaintiff seeks temporary and permanent injunctive relief, specifically including an order from this Court enjoining the Defendants from failing to reinstate Plaintiff forthwith, at least until a constitutionally adequate due process hearing can be held, together with all relevant benefits.

6.3     Plaintiff has suffered and will suffer irreparable harm if Defendant is not enjoined as requested. Plaintiff is without further adequate remedy at law.

6.4     The intangible rights involved herein are unique and irreplaceable, so that it will be impossible to accurately measure, in monetary terms, the damages caused by Defendant's actions. It is probable that Plaintiff will succeed in her claims, including a request for a permanent injunction. Additionally, the actions of Defendant will be shown to have clearly violated the constitutionally protected rights of Plaintiff, who continues to suffer irreparable and imminent harm and injury in the interim if an injunction is not granted. Moreover, the injury of the Plaintiff outweighs the threatened harm the injunction will cause to Defendant, and granting the preliminary injunction will disserve the public interest.

6.5     In order to preserve the status quo and/or status quo ante and the rights of Plaintiff during the pendency of this action, Defendant should be cited to appear and show cause why it should not be temporarily enjoined during the pendency of this action, as set forth above.

6.6     In addition and in the alternative, Plaintiff seeks a permanent injunction requiring Defendant to continue Plaintiff's employment in the position she held.

### VII.   DECLARATORY RELIEF

7.1     Plaintiff would show that a justiciable controversy has arisen regarding the rights and obligations of Plaintiff and Defendant, including whether the policies of TCCD are contractually binding on TCCD and whether TCCD's practice and policy of permitting employees

to be represented by counsel, but prohibiting such counsel to speak at due process hearings and/or hearings before the District's board, violate Plaintiff's constitutional and contractual rights to due process. Plaintiff therefore seeks relief from this Court pursuant to 28 U.S.C. Sec. 2201(a) and/or Chapter 37, TEX. CIV. PRAC. & REM. CODE, declaring that TCCD's policies have become part of her contract with TCCD and that TCCD's prohibition on permitting Plaintiff's attorney to speak at a due process hearing, or hearing before the District's board, is a deprivation of procedural due process.

### VIII.   ATTORNEY'S FEES

8.1     Plaintiff is entitled to recover her reasonable and necessary attorney's fees both under 42 U.S.C Sec. 1988 and for breach of contract under Chapter 38 of the Civil Practice and Remedies Code, as well as the Texas declaratory Judgment Act, for which she here sues.

### IX.   CONDITIONS PRECEDENT

9.1     All conditions precedent for the filing of this claim have been met, except as may be specifically noted in this pleading.

### X.   DEMAND FOR JURY TRIAL

10.1    Plaintiff respectfully demands a jury trial before a jury of her peers.

### PRAYER

Plaintiff respectfully prays that the Court will grant judgment to Plaintiff providing for the following:

a.   the recovery of her actual damages; and/or

b.   at least the recovery of nominal damages;

c.   the recovery of her attorney's fees and expenses;

    d.    a preliminary and permanent injunction enjoining the Defendant from failing to reinstate Plaintiff forthwith to her position of employment together with all relevant benefits;

    e.    pre-judgment and post-judgment interest;

    f.    a declaration that (1) the Defendant's proffered hearing before its board, and its practice/policy of denying its employees' attorney the ability to speak at any so-called due process hearings, are constitutionally violative of the due process clause of the Fourteenth Amendment to the Constitution of the United States and (2) the Defendant is contractually bound to abide by its published policies inasmuch as such policies are part of its contract with Plaintiff; and

    g.    such other and further relief, both general and special, at law and equity, to which Plaintiff may show herself entitled.

Respectfully Submitted,

*/s/ Frank Hill*
Frank Hill           SBN  09632000
fhill@hillgilstrap.com

**HILL GILSTRAP, P.C.**
1400 W. Abram St.
Arlington, Texas  76013
(817) 261-2222
(817) 861-4685 FAX

**ATTORNEY FOR PLAINTIFF**

# Exhibit 1

# Daniel J. Graves

| | |
|---|---|
| **From:** | BRACKEN, CAROL <CAROL.BRACKEN@tccd.edu> |
| **Sent:** | Wednesday, July 29, 2020 3:23 PM |
| **To:** | Daniel J. Graves |
| **Cc:** | MCDONALD, LAUREN |
| **Subject:** | ▮▮▮▮▮▮▮▮ |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good afternoon, Daniel –

The Chancellor informed me today that he has considered the appeals panel's recommendation and has decided to reaffirm his decision not to re-new ▮▮▮▮▮▮▮▮ contract.

▮▮▮▮▮▮▮▮ may appeal this decision to the District's Board of Trustees. If he wants to do so, you (or he) need to inform me in writing on or before seven (7) working days from the date hereof (August 11). The appeal will consist of ▮▮▮▮▮▮▮▮ personally making a 10 minute presentation to the Board outlining his request. The District will follow with a 10 minute presentation. ▮▮▮▮▮▮▮▮ can then give a 5 minute rebuttal if he desires. There are no witnesses and no questions. The Board can either affirm the Chancellor's decision, recommend that he reconsider or take no action (which is considered an affirmation). The appeal can be held in open or closed session, ▮▮▮▮▮▮▮▮ choice. He should be aware that, if he elects to make his presentation in open session, the meeting is televised. There is, of course, no requirement that ▮▮▮▮▮▮▮▮ pursue this appeal.

Please let me know if you or ▮▮▮▮▮▮▮▮ have any questions.

Best regards,

**Carol Ware Bracken**
Office of the Associate General Counsel
Tarrant County College District | Office: MOC 1101B
1500 Houston Street | Fort Worth, TX  76102
817-515-5137 |Fax 817-515-5150
carol.bracken@tccd.edu | www.tccd.edu

---

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.

# Exhibit 2

| | |
|---|---|
| **From:** | MCDONALD, LAUREN |
| **To:** | "Frank Hill" |
| **Cc:** | CAROL BRACKEN (CAROL.BRACKEN@tccd.edu) |
| **Subject:** | RE: ▓▓▓▓▓▓▓▓ |
| **Date:** | Thursday, August 13, 2020 2:44:00 PM |

Frank,

Your client was never removed from the agenda. ==As a reminder, your client will be the one making the 10-minute presentation to the Board, not his counsel.== As I asked Mr. Graves earlier this week, please provide the e-mail address that ▓▓▓▓▓▓▓▓ and you/Mr. Graves will be using to access the Zoom meeting.

Lauren H. McDonald
Attorney |DT Assoc. General Counsel
Tarrant County College
May Owen Center
1500 Houston Street | Fort Worth, TX 76102
817-515-5242
lauren.mcdonald2@tccd.edu | www.tccd.edu


-----Original Message-----
From: Frank Hill <fhill@hillgilstrap.com>
Sent: Thursday, August 13, 2020 2:20 PM
To: MCDONALD, LAUREN <LAUREN.MCDONALD2@tccd.edu>
Subject: Re: ▓▓▓▓▓▓▓▓

You cant rescind unilaterally. ▓▓▓ accepted and ur client confirmed. Your present conduct is another deprivation of due process and a breach of contract. We r filing suit but put us back on the agenda for board so u cant claim we waived anything. Perhaps u guys should identify persons who deserve to be fired

Sent from my iPad

> On Aug 13, 2020, at 2:13 PM, MCDONALD, LAUREN <LAUREN.MCDONALD2@tccd.edu> wrote:
>
> Frank,
>
> Your client received the attached communication today.
>
>
> Lauren H. McDonald
> Attorney |DT Assoc. General Counsel
> Tarrant County College
> May Owen Center
> 1500 Houston Street | Fort Worth, TX 76102
> 817-515-5242
> lauren.mcdonald2@tccd.edu | www.tccd.edu
>
>
>
> -----Original Message-----
> From: Frank Hill <frankwhill1940@gmail.com>
> Sent: Thursday, August 13, 2020 1:51 PM